## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

AARON DEXTER WRIGHT                                                                    PLAINTIFF

v.                                                         CIVIL ACTION NO. 4:18-CV-P83-JHM

DAVIESS COUNTY DETENTION CENTER                                            DEFENDANT

### MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff Aaron Dexter Wright's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will dismiss the instant action.

### I.  SUMMARY OF CLAIMS

Plaintiff, who is a pretrial detainee at the Daviess County Detention Center (DCDC), brings this action pursuant to 42 U.S.C. § 1983 against DCDC. He claims, *in toto*: "I was assaulted by several state and county inmates while I was incarcerated. I had not been convicted of any crime yet, therefore I should not have been housed with any state inmates[.]" As relief, Plaintiff seeks compensatory and punitive damages and unspecified injunctive relief.

### II.  STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, the trial court must review the complaint and dismiss the complaint, or any portion thereof, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district

court from its legitimate advisory role to the improper role of an advocate seeking out the

strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*,

775 F.2d 1274, 1278 (4th Cir. 1985).

### III. <u>ANALYSIS</u>

As an initial matter, DCDC is not an entity subject to suit under § 1983. *Matthews v.*

*Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Rather, the claims against the DCDC actually are

against Daviess County as the real party in interest. *Id.* ("Since the Police Department is not an

entity which may be sued, Jefferson County is the proper party to address the allegations of

Matthews's complaint."); *see also Blay v. Daviess Cty. Det. Ctr.*, 4:07CV-P69-M, 2007 WL

2809765, at *1 (W.D. Ky. Sept. 25, 2007); *Fambrough v. Vaught*, 4:06CV-P130-M, 2007 WL

891866, at *1 (W.D. Ky. Mar. 21, 2007) ("[T]he claims against the detention center are also

against [the County] as the real party in interest."); *Smallwood v. Jefferson Cty. Gov't*, 743 F.

Supp. 502, 503 (W.D. Ky. 1990) (suit against fiscal court is actually suit against county itself).

As to Plaintiff's claim that he should not have been housed with state inmates,[1] "the

overwhelming weight of persuasive authority holds that unless the state has an intent to punish,

or at least displays an indifference toward potential harm to an inmate, pre-trial detainees have

no due process right to be housed separately from sentenced inmates." *Burciaga v. Cty. of*

*Lenawee*, 123 F. Supp. 2d 1076, 1078 (E.D. Mich. 2000). Plaintiff alleges no facts indicating

that his housing assignment was made with an intent to punish him or with deliberate

indifference to his safety.

---

[1] "The Due Process Clause of the Fourteenth Amendment extends the protection of the Eighth
Amendment to pretrial detainees such as Plaintiff." *Harrell v. Grainger Cty., Tenn.*, 391 F. App'x 519,
522 (6th Cir. 2010).

Furthermore, regarding the alleged assault by both county and state inmates, the Eighth Amendment imposes a duty on corrections officers to take reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id.* at 834. Rather, to maintain an Eighth Amendment claim based on a failure to prevent harm, an inmate must prove both an objective and subjective component. *Id.* With regard to the objective component, the plaintiff "must show that he [was] incarcerated under conditions posing a substantial risk of serious harm." *Id.* The subjective component requires the plaintiff to prove that the defendant acted with "deliberate indifference" to that risk. *Id.* "Deliberate indifference is a state of mind akin to criminal recklessness: the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Hamilton v. Eleby*, 341 F. App'x 168, 171 (6th Cir. 2009) (internal quotation marks and citations omitted).

Plaintiff has alleged no facts indicating that he was incarcerated under conditions posing a substantial risk of serious harm, and he, therefore, fails to state a constitutional claim.

Accordingly, the Court will dismiss this action by separate Order.

Date: October 30, 2018

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Daviess County Attorney
4414.005

4